991 F.2d 795
 143 L.R.R.M. (BNA) 3056
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
STEWARD & ASSOCIATES, INC. and The Steward Group, Inc., Respondents.
 No. 93-5173.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, Steward & Associates, Inc. and The Steward Group, Inc., Detroit, Michigan, their officers, agents, successors, and assigns, enforcing its order dated August 20, 1992, in Case Nos. 7-CA-33082(1) and 7-CA-33082(2), and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondents, Steward & Associates, Inc. and The Steward Group, Inc., Detroit, Michigan, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to timely pay all fringe benefit contributions; to pay liquidated damages owed for the nonpayment of the required contributions; and to submit accurate monthly fringe benefit reports into the various fringe benefit funds, as required by their collective-bargaining agreements with the Union.
 
 
 4
 (b) Failing and refusing to provide necessary and relevant information to the Union, or to the Charging Party on its behalf, on request.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) On request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the units described below with respect to wages, rates of pay, hours of employment, and other terms and conditions of employment:
 
 
 8
 All employees performing masonry work employed by Respondents; but excluding guards and supervisors as defined in the Act.
 
 
 9
 (b) Make all required payments for fringe benefit fund contributions and for liquidated damages for the nonpayment thereof that have not been paid since September 26, 1991, and make whole the unit employees for any losses that they may have incurred as a result of the failure to make such payments, as set forth in the remedy section of the Board's decision.
 
 
 10
 (c) File accurate monthly fringe benefit reports for the period since September 26, 1991, as required by the collective-bargaining agreement.
 
 
 11
 (d) Make available to the Charging Party for review payroll records and nonpayroll check registry, including contribution reports for the periods requested, so that the Charging Party can audit compliance with the fringe benefit contribution provisions of the collective-bargaining agreement.
 
 
 12
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 13
 (f) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (g) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondents have taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT fail and refuse to timely pay all fringe benefit contributions; to pay liquidated damages owed for the nonpayment of the required contributions; and to submit accurate monthly fringe benefit reports into the various fringe benefit funds as required by the collective-bargaining agreement.
 
 
 18
 WE WILL NOT fail and refuse to provide Metropolitan Detroit Bricklayers District Council and the International Union of Bricklayers and Allied Craftsmen, AFL-CIO, Local Union No. 2, 26 and 35, or to the Bricklayers Fringe Benefit Funds on its behalf, with requested information that is necessary and relevant to its functions as exclusive bargaining representative.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the unit described below with respect to wages, rates of pay, hours of employment, and other terms and conditions of employment.
 
 
 21
 All employees performing masonry work employed by Steward & Associates, Inc., but excluding guards and supervisors as defined in the Act.
 
 
 22
 WE WILL make all required payments for fringe benefit fund contributions and for liquidated damages for the nonpayment thereof that have not been paid since September 26, 1991, and make whole the unit employees for any losses that they may have incurred as a result of our failure to make such payments.
 
 
 23
 WE WILL file accurate monthly fringe benefit reports for the period since September 26, 1991, as required by our collective-bargaining agreement with the Union.
 
 
 24
 WE WILL make available to the Bricklayers Fringe Benefit Funds for review our payroll records and nonpayroll check registry, including contribution reports for the periods of April 1991 to date and October 1991 to date, respectively.
 
 
 25
 STEWARD & ASSOCIATES, INC.
 
 
 26
 ----------------------------
 
 
 27
 (Employer)
 
 
 28
 Dated __________ By _____________________________________________________
 
 
 29
 (Representative) (Title)
 
 
 30
 THE STEWARD GROUP, INC.
 
 
 31
 ----------------------------
 
 
 32
 (Employer)
 
 
 33
 Dated __________ By _____________________________________________________
 
 
 34
 (Representative) (Title)
 
 
 35
 This is an official notice and must not be defaced by anyone.
 
 
 36
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3200.